# Ron Koch, P.A.
### ATTORNEY & COUNSELOR AT LAW

February 18, 1994

Mr. Bruce Reynolds
Assistant County Attorney
P.O. Box 612
Keene, New Hampshire 03431

    Re: State of New Mexico v. Gordon MacRae, No.'s 93-S-0218-0228.

Dear Mr. Reynolds:

I have enclosed the following documents for your review:

    1) A summary of Gordon MacRae's response to the Grover and Carnavale allegations. As a technical matter this is work-product and not discoverable, however, since we are after a search for the truth in this situation I have decided to send you the information because I have the impression that you and Mr. Gainor are truly committed to understanding both sides of the allegations, i.e., you want to know the truth. In one sense, these documents expose our defense and remove the element of surprise, however, I spoke about releasing these documents to you and Mr. MacRae indicated that he had no objection to your viewing the materials because he believes the more information you receive, the more likely you will see that the allegations are false.

    The document is structured as a page by page rebuttal of the discovery material we have received.

    2) I have also enclosed copies of responses that I have received to questionnaires that I have sent to individuals. The questionnaires speak for themselves. I am still waiting for responses to several questionnaires. A review of the questionnaires will demonstrate that many of the Grover and Carnavale statements are untrue and cannot be corroborated.

    3) I would ask you to request of the Grover's and Mr. Carnavale a release for their treatment and school records. I know the court has ordered production of or an in-camera inspection of nearly every item of discovery I have requested. I believe it would be important for you to have this information because I am absolutely convinced that once again, you will discover that much of what you have been told is false. One example is Thomas Grover reports to have told Debbie Collett at Derby Lodge that Gordon MacRae had sexually abused him, and that Ms. Collett then confronted Mr. MacRae. Tom Grover then states that Gordon MacRae went to Derby Lodge and threatened him not to tell anyone else. I

am convinced that this event never happened and I am confident that Ms. Collett will verify my position.

If you are truly interested in a search for the truth and want to be certain that justice is achieved, it seems to me you would want to know whether your alleged victim's statements can be corroborated. You have as much an obligation to protect the rights of Mr. MacRae as the victims.

At any rate, please consider my request for releases from the Grover's.

4) I never heard from you regarding my complaint about Det. McLaughlin. I assume you spoke to him because we've not received any more complaints about his tactics.

5) I would also appreciate receiving copies of discovery orders from the court as a result of our the court's rulings from our motions hearing on January 21, 1994.

6) Would you provide me with a copy of the transcript of the December 3, 1993 hearing as well as a copy of the exhibits once you receive them from Mr. Rogers.

7) We are continuing to up-date our calendar for our alibi defense. I will be providing you with an up-dated version in the near future.

Very truly yours,

Ron Koch

P.S. I would appreciate it if you would copy these materials for Mr. Gainor.

REK:ysk
cc: Robert Gainor, Esq.
    Gordon MacRae