## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Gordon MacRae, Petitioner

      v.                                          Docket No.: 1:14-cv-45-JL

Warden, New Hampshire State Prison.
      Respondent

## RESPONDENT'S ANSWER TO PETITIONER'S
## WRIT OF HABEAS CORPUS

NOW comes the Warden, Northern New Hampshire Correctional Facility, respondent, by and through counsel, the Attorney General of the State of New Hampshire, and, pursuant to Rule 5 of the Rules Governing § 2254 Cases, provides the following answer to the petitioner's petition for a writ of habeas corpus.

1.      The petitioner raises the following claim:  that he "is innocent and that his trial attorney rendered constitutionally inadequate assistance of counsel, resulting in such substantial prejudice that confidence in the outcome of trial is significantly undermined. *Strickland v. Washington*, 466 U.S. 668 (1984)." Doc. 1-1: 46.

2.      With respect to paragraphs 1-6, the respondent admits the allegation.  The petitioner was convicted of one count of felonious sexual assault and four counts of aggravated felonious sexual assault. *See* RSA 632-A:3 (1986); RSA 632-A:2, X (1986) (amended 1992). *State v. MacRae*, 141 N.H. 106, 107, 677 A.2d 698, 700 (1996).

3.      With respect to paragraph 7, the petitioner has not provided the date of the testimony and the respondent does not have the trial transcripts, so the respondent can neither admit nor deny the allegation.

4.      With respect to paragraph 8, the respondent admits the allegation.

5.      With respect to paragraph 9, in his direct appeal, the petitioner argued that "the trial court erred in admitting expert testimony allegedly offered by the State to prove that the victim's allegations of sexual assault were true. He also asserts that the Superior Court *(Brennan, J.)* erred in refusing to allow him to cross-examine the victim about past juvenile convictions and in instructing the jury to disregard portions of the victim's testimony." *MacRae*, 141 N.H. at 107, 677 A.2d at 700.  The respondent is aware of no petition for certiorari filed with the United States Supreme Court.

6.      With respect to paragraph 10, the respondent is aware that the petitioner sought post-conviction relief in the Merrimack County Superior Court.  On March 15, 2013, and July 9, 2013, the court denied both his claim of ineffective assistance of counsel and his request for a new trial based on newly discovered evidence.  The petitioner filed a notice of discretionary appeal which includes these two orders.  The notice and orders will be filed with this Court.

7.      There is no paragraph 11.

8.      With respect to paragraph 12, the respondent does not deny that these are the issues that the petitioner seeks to raise with this Court, but asserts that neither claim has merit.

9.      With respect to paragraph 13, the respondent may raise a lack of exhaustion defense.

10.      With respect to paragraph 14, the respondent is aware of no other pending petitions in any court.

11.      With respect to paragraph 15, the record speaks for itself.

12.      With respect to paragraph 17, the respondent is aware of no other sentences to be served by the petitioner.

13.     With respect to paragraph 18, the respondent does not agree that his petition, filed 18 years after his conviction was affirmed, is timely.

14.     The petitioner has filed a 76-page memorandum of law in which he makes many allegations.  The respondent does not adopt any of the representations about the nature of the evidence introduced at trial, trial counsel's performance, the prosecutor's performance or ethical duties, or the fairness of the petitioner's trial.

15.     Because the case was adjudicated in the 1990s, the respondent has not located the trial transcripts associated with the jury trial. From the State's brief, filed in December 1995, it appears that there are six trial transcripts, as well as a transcript of the testimony of Deborah Collette, which appears to have been separately transcribed.  As soon as the transcripts have been located, the respondent will inform the court of the dates of the relevant transcripts and will file them with this Court.

16.     The respondent will file the following with this Court:  (a) the petitioner's brief filed in his direct appeal; (b) the State's brief; and (c) the petitioner's petition filed in the Merrimack County Superior Court.  If it is possible to file these electronically, the respondent will do so, however the documents are large and may have to be filed conventionally.

17.     Because the petitioner has asserted actual innocence, this Court has initially found that the petition is not time-barred.  Doc. 4: 1.  The respondent, however, believes that the petitioner's assertion is not well-founded, that the evidence that he asserts is new evidence is not new, and that the petition filed with this Court is not timely.  The respondent will file a motion to dismiss on those grounds.

18.     By way of further answer, the respondent states that the petitioner was properly convicted and sentenced in the Cheshire County Superior Court. The respondent further answers

that the petitioner is not entitled to the relief he seeks in his petition because he cannot demonstrate that the decisions of the state court denying his requested relief resulted in any decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or that the state court's decisions were based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254 (d).

19.     The respondent does not dispute this court's assessment that the petitioner has presented his claims in some form to the New Hampshire courts.  The respondent further states that any claim that was not properly and completely presented as a federal claim in petitioner's previous state court filings would now be deemed procedurally defaulted, rendering any exhaustion issue moot.  The respondent further answers that the petitioner may have procedurally defaulted his claims.

20.     The respondent believes that an evidentiary hearing is unnecessary because the petition can be appropriately resolved on the current record (upon the filing of the transcripts). The respondent will file a motion for summary judgment within sixty days of the date of filing this answer.

Respectfully Submitted,

Warden, Northern New Hampshire State Prison, Respondent.

By his attorneys,

Michael A. Delaney
Attorney General

*/s/ Elizabeth C. Woodcock*
Elizabeth C. Woodcock
Bar Number:  18837
Assistant Attorney General
Criminal Justice Bureau
33 Capitol Street
Concord, NH  03301-6397
Phone: (603) 271-3671

May 19, 2014                                   Elizabeth.Woodcock@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have served the petitioner, who is represented by

> Robert Rosenthal, Esq.
> Cathy J. Green, Esq.

through this Court's electronic filing system.

> */s/ Elizabeth C. Woodcock*
> Elizabeth C. Woodcock