UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gordon MacRae,
    Petitioner

    v.                                Docket No.: 1:14-cv-45-JL

Warden, New Hampshire State Prison.
    Respondent

**RESPONDENT'S REPLY TO PETITIONER'S
OBJECTION TO THE MOTION TO DISMISS**

By pleading dated August 21, 2014, the petitioner objects to the Warden's[1] motion to dismiss on the grounds that the petition is untimely. Doc. 14.[2]

Based on that objection, the respondent offers this reply as clarification and correction.

**I.    ARGUMENT**

    **A.    The Newly Discovered Evidence Claim**

The petitioner contends that the respondent argued that the ineffective assistance of counsel claims do not constitute newly discovered evidence. Doc. 14: 21. The respondent did not argue simply that the claims of ineffective assistance of counsel were not newly discovered evidence for purposes of tolling the statute. Doc. 11: 18. Instead, the respondent argued that the statements of the witnesses were not newly discovered evidence and could not toll the statute, but that the petitioner was "attempting to use his dubious claims of newly discovered evidence to bootstrap consideration of claims [i.e., the ineffective assistance of counsel claims] that [were] clearly time-barred." Doc. 11: 18.

---

[1] The petitioner refers to the respondent as the State. Doc. 14: 6. The Warden of the New Hampshire State Prison is actually the respondent in this case, not the State of New Hampshire.
[2] "Doc._:_" refers to this Court's document and page number.

1

Nothing in the petitioner's most recent pleading corrects this impression. He must argue that the evidence was newly discovered in order to toll an otherwise expired statute. As discussed below, his claim of actual innocence is only within the jurisdiction of this court if it is attached to a claim of violation of a federal right. As a result, his claim of newly discovered evidence is wedded to the ineffective assistance of counsel claim.

B.   The Ineffective Assistance of Counsel Claim

The petitioner argues that the reference in the motion to dismiss to the ineffective assistance of counsel claim is, in some manner, incongruous. Doc. 14: 21. He contends that the merits of the ineffective assistance of counsel claim have "nothing to do with the date the petition was filed or the exception to the habeas time bar in this case." Doc. 14: 21.

The respondent disagrees. As the respondent noted in its motion to dismiss, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief *absent an independent constitutional violation* occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (emphasis added); *see also* Doc. 11: 15. Because this Court cannot consider a claim of actual innocence absent a federal constitutional violation, this Court must look to determine if the alleged federal constitutional violation actually qualifies as such.

If the petitioner cannot persuade this Court that the underlying claim meets the federal standard, then this Court cannot consider the actual innocence claim and it cannot excuse the late filing on that ground. As a result, the petitioner's assertion that "if the Court finds that [the petitioner's] petition was filed late, the [respondent's] motion fails if [the petitioner] has shown innocence" is, in the respondent's view, incorrect. Doc. 1: 6. Proof of actual innocence cannot be heard by this Court as a stand-alone argument. It must be linked to a violation of a federal

constitutional right. As a result, the respondent has concluded that this Court must consider, at least as a preliminary merit, if the ineffective assistance of counsel claim has merit.

### B.    The *Strickland* Test

The petitioner also contends that the superior court misapplied the *Strickland*[3] test and that the cases cited in the respondent's motion to dismiss incorrectly assess the state of the cumulative error doctrine, which, he contends, is clearly established federal law. Doc. 14: 28-29.

The quotation he notes from *Strickland* in support of this contention is actually far broader than the part that appears in his response. Compare Doc. 14: 28 with Strickland, 466 U.S. at 695:

> [A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Strickland*, 466 U.S. at 695-96. Far from adopting the cumulative error doctrine, *Strickland* left it to the reviewing court to determine if the errors had a "pervasive effect," or if they had an "isolated, trivial effect." *Id*. In contrast, the cumulative error doctrine stands for the proposition that, "individual errors, insufficient in themselves to necessitate a new trial, may in the aggregate have a more debilitating effect." *United States v. Sepulveda*, 15 F.3d 1161, 1195-96 (1st Cir. 1993). The petitioner has not cited a controlling case from the United States Supreme Court that has adopted the rule expressed in *Sepulveda* as, indeed, the United States Supreme Court has not

---

[3] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

done so.  His insistence that the superior court's decision was a "complete departure," Doc. 14: 29, from the *Strickland* rule is without merit.

But even if his claim had merit, he cannot show that the superior court's ruling was anything more than incorrect.  Habeas relief is available only if the state court's decision was objectively unreasonable, not simply erroneous or mistaken.  *See Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003); *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007); *Furr v. Brady*, 440 F.3d 34, 37 (1st Cir. 2006); *see also Castillo v. Matesanz*, 348 F.3d 1, 9 (1st Cir. 2003) ("If it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application.").  The decision is objectively unreasonable if it "'evinces some increment of incorrectness beyond mere error." *Abrante v. St. Amand*, 595 F.3d 11, 15 (1st Cir. 2010) (quoting *Foxworth v. St. Amand*, 570 F.3d 414, 425 (1st Cir. 2009)).

The petitioner has not shown that the superior court's ruling went "beyond mere error." He dismisses the cases cited by the respondent in its motion to dismiss, Doc. 11: 21-22, because, according to the petitioner, they do not "offer anything that undermines *Strickland*," Doc. 14: 29.  That is true.  The cases do not undermine *Strickland*; they undermine the notion that the United States Supreme Court has adopted the cumulative error doctrine.  Since the Circuit Courts of Appeals for the United States do not agree on the status of the doctrine, *see Johnson v. United States*, 860 F. Supp. 2d 750 n.24, the superior court's ruling cannot "'evince[ ] some increment of incorrectness beyond mere error." *Abrante*, 595 F.3d at 15.  The petitioner's insistence to the contrary, the cumulative error test is not" clearly established federal law as determined by the Supreme Court of the United States," *Knight v. Spencer*, 447 F.3d 6, 11 (1st Cir. 2006) (internal citation and quotation marks omitted).

4

C.     **Evidentiary Hearing**

The petitioner contends that the respondent "note[d] the need for an evidentiary hearing." Doc. 14: 25.  This is not so.  The respondent quoted the following on page 15 of its motion to dismiss:

> Where newly discovered evidence is alleged in a habeas application, *evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing.* Of course, such evidence must bear upon the constitutionality of the applicant's detention; *the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus.*

Doc. 11: 15 (citing *Townsend v. Sain*, 372 U.S. 293, 317 (1963) (emphasis added).  Quoting a decision that describes the standard for holding an evidentiary hearing is not the same as agreeing that hearing is required.

Two points bear mentioning here.  According to the superior court's decision, the parties agreed that no hearing on the newly discovered evidence claim was required.  Doc. 11-2: 1.  Accordingly, the petitioner's assertion that the respondent's argument "might be persuasive if the [superior] court had held a hearing at which credibility could be assessed," Doc. 14: 25, is contrary to the position it took in the superior court.  *See also Townsend*, 372 U.S. at 317 (If the petitioner present newly discovered evidence "which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing.").  The petitioner waived his hearing; the claim that this Court should now provide an avenue to hear the evidence that could have been provided absent that waiver misconstrues the case law.  *See Hyde* v. *Shine*, 199 U.S. 62, 84 (1905) ("It is well settled that upon *habeas corpus* the court will not weigh the evidence")

A hearing in this Court is merited only if the evidence "could not reasonably have been presented to the state trier of fact." *Townsend*, 372 U.S. at 317.  The fact that the petitioner elected not to present his evidence at a hearing does not mean that he did not present any evidence at all.  To the contrary, the superior court's decision offers a detailed analysis of the evidence presented.  Because the petitioner was afforded the opportunity for a hearing, which he waived, and actually presented evidence to the state court means that this Court is not required to hold a hearing.  As a result, the petitioner's assertion that the respondent noted the need for an evidentiary hearing is a misunderstanding of the respondent's position.  The evidence was presented to the superior court, the petitioner waived a hearing, and this Court should decide this case applying the standard of review for cases brought under Title 28, United States Code, Section 2254.

### D.    Glenn's Reports of the Victim's Recantation

The petitioner next asserts that Glenn reported the victim's recantation to the petitioner "at great peril." Doc. 14: 26.  He argues that this "great peril" is also a "significant indicia of truth."  Doc. 14: 26.  He then dismisses the subsequent statement as a "showy attempted recantation." Doc. 14: 26.

The respondent has three answers to this contention.  First, it is not within this Court's authority to second-guess the ruling of the superior court absent proof that the ruling was "contrary to" established Supreme Court authority, *i.e*, it resulted from applying a rule that contradicts governing law or was inconsistent with a Supreme Court decision in a case with essentially indistinguishable facts.  See *Aspen v. Bissonnette*, 480 F.3d 571, 574 (1st Cir. 2007).

Second, the petitioner waived a hearing in this Court.  To ask this Court to consider credibility issues when the petitioner elected not to present them to the superior court asks this

6

Court to: (1) excuse the express waiver in superior court; and (2) consider credibility issues that were never presented to the superior court.  This Court should decline to do either.

Finally, although the petitioner insists that Glenn acted at "great peril," he points to nothing on the record that supports this contention.  Nor does he cite any case law that support his contention that "great peril" is also a "significant indicia of truth."   In fact, great peril may produce a great incentive to lie.  *See, e.g., United States v. Bartelho*, 129 F.3d 663, 676 (1st Cir. 1997) ("At his retrial, Harris testified about her troubled and abusive relationship with Bartelho, described his guns, identified his friends, and recounted his activities, including the things she saw, heard, and participated in relative to the charged robberies. Harris conceded on direct examination by the government that *she had indeed lied* to the FBI *and committed perjury*, but *explained her conduct as the result of Bartelho's threats to kill her if she told the truth* about the robberies.") (Emphasis added)).

## II. CONCLUSION

The respondent renews its motion to dismiss on the grounds that the petition filed with this Court is not timely. The respondent further asks this Court to do so without holding an evidentiary hearing.

Respectfully Submitted,

Warden, New Hampshire State Prison, Respondent.

By his attorneys,

Michael A. Delaney
Attorney General

*/s/ Elizabeth C. Woodcock*
Elizabeth C. Woodcock
Bar Number: 18837
Assistant Attorney General
Criminal Justice Bureau
33 Capitol Street
Concord, NH 03301-6397
Phone: (603) 271-3671
Elizabeth.Woodcock@doj.nh.gov

September 8, 2014

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have served the petitioner, who is represented by

>Robert Rosenthal, Esq.
>Cathy J. Green, Esq.

through this Court's electronic filing system.

>*/s/ Elizabeth C. Woodcock*
>Elizabeth C. Woodcock