UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gordon MacRae,
     Petitioner


     v.                                    Docket No.: 1:14-cv-45-JL


Warden, New Hampshire State Prison.
     Respondent

### RESPONDENT'S RESPONSE TO PETITIONER'S SURREPLY
### (DOCUMENT 17)

By pleading filed September 25, 2014, the petitioner states that he did not waive an evidentiary hearing on the claim of newly discovered evidence in the superior court.  Doc. 17: 2.[1] He characterizes the respondent's representation that the parties waived an evidentiary hearing as "a misstatement of significant fact that requires correction."  *Id*.  In that regard, he directs this Court to his pleading, filed in December 2012, in which he objected to the motion to dismiss filed by the State.  (Attached.)

The respondent stands by its representation on this point.  The superior court found that the parties had waived an evidentiary hearing with respect to the newly discovered evidence claim at a hearing in April 2013.  *See* Doc. 11-2: 1; *see also* Exh. B (Notice of hearing on "Status of remaining issues and further proceedings regarding newly discovered evidence") (attached). After the superior court's order was issued, the petitioner did not file a motion to reconsider on the ground that he had never waived an evidentiary hearing.  If the court had committed an error of that magnitude, it certainly would have constituted a basis for reconsideration.  *See N.H.*

---

[1] Doc._:_" refers to this Court's document and page number.  "Exh._:_" refers to the attached exhibits, identifying letter, and page number.

*Super. Ct. R.* 59-A(1) (A motion for reconsideration should state the "points of law or fact that the Court has overlooked or misapprehended.").

In his notice of discretionary appeal to the New Hampshire Supreme Court, the petitioner raised the following claims with the New Hampshire Supreme Court: "The lower court rejected [the petitioner's] newly discovered evidence showing on three grounds: (1) the evidence [was] not newly discovered because the people from whom it was obtained were known by [the petitioner] at trial; (2) evidence concerning the non-existence of a chess set to which [the victim] referred to provide realism to his story [was] cumulative; and (3) the remainder of the evidence concern[ed] [the victim's] reputation, conduct after trial and statements about the investigation and prosecution that would be inadmissible at a new trial." Exh. C: 12 (attached). The notice then went on to challenge the standard of review applied by the superior court and further claimed that the court had failed to consider all of the evidence. *Id.*

At no point did the notice of discretionary appeal argue that the superior court had misunderstood the scope of the victim's waiver of an evidentiary hearing. Again, if the superior court's ruling was in error, the petitioner could have drawn the state court's attention to this error and asked the state court to remand the case for a hearing. Instead, he limited his claim to the legal reasoning and factual findings made by the superior court. If he intended for his December 2012 pleading to act as a standing objection, he made no effort to apprise the state courts of that claim.

As a result, any claim that the superior court misconstrued the scope of the waiver is waived under state court law. *See State v. Blackmer*, 149 N.H. 47, 49, 816 A.2d 1014, 1016 (2003) (issues that are not presented in the notice of appeal, presented in the notice of appeal but not briefed, or not adequately briefed on appeal are all deemed waived).

Moreover, his insistence that this Court should provide him with a hearing to remedy the shortcomings of the state courts is without legal merit here.  First, for the reasons noted in the respondent's reply to the petitioner's objection (Doc. 16: 5-6), the petitioner may not seek a hearing on newly discovered evidence when he did not attempt to develop the claims in the state courts. Second, if he is attempting to raise a claim that the superior court violated his rights by not holding a hearing, that claim is not only waived, it is unexhausted.  The exhaustion requirement is not met if the petitioner presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Gagne v. Fair*, 835 F.2d 6, 9 (1st Cir. 1987) (internal citation and quotation omitted); *see also Carillo v. Brown*, 807 F.2d 1094, 1099 (1st Cir. 1986); T*urner v. Fair*, 617 F.2d 7, 11-12  (1st Cir. 1980) (if a claim has undergone a material alteration between the state court filing and the federal filing, it has not been fairly presented to the state courts).

## II.    CONCLUSION

The respondent renews its motion to dismiss on the grounds that the petition filed with this Court is not timely.  The respondent further asks this Court to do so without holding an evidentiary hearing.

Respectfully Submitted,

Warden, New Hampshire State Prison, Respondent.

By his attorneys,

Michael A. Delaney
Attorney General

*/s/ Elizabeth C. Woodcock*
Elizabeth C. Woodcock
Bar Number:  18837
Assistant Attorney General
Criminal Justice Bureau
33 Capitol Street

Concord, NH  03301-6397
Phone: (603) 271-3671
Elizabeth.Woodcock@doj.nh.gov

September 29, 2014

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served the petitioner, who is represented by

Robert Rosenthal, Esq.
Cathy J. Green, Esq.

through this Court's electronic filing system.

/s/ Elizabeth C. Woodcock
Elizabeth C. Woodcock

5